UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

KIRK A. DEROKEY                         CIVIL ACTION NO.: 2:18-cv-04942

VERSUS                                  JUDGE:  LANCE M. AFRICK

HAZA FOODS OF LOUISIANA, LLC            MAG.:  JANIS van MEERVELD
   AND TRAVELERS INS. CO.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### OPPOSITION TO MOTION TO COMPEL

NOW INTO COURT, through undersigned counsel, come defendants, HAZA Foods of Louisiana, LLC ("HAZA Foods") and Travelers Property Casualty Company of America ("Travelers"), and oppose the Motion to Compel filed by Kirk Derokey ("plaintiff") for the following reasons:

**Overview**

Plaintiff's primary contention in this Motion to Compel is that defendants have improperly refused to produce investigative documents and information concerning the accident at issue.  However, that is simply not the case.  Defendants have responded appropriately and as fully as possible in light of the overreaching and utterly overbroad discovery requests which seek information and documentation prepared in anticipation of litigation.  As will be seen below, the position of defendants is proper and permissible

1

when the discovery requests of plaintiff are considered fully and in the context in which they were posed.

## Discovery of Investigative Efforts and Results is not Permissible
## When the Investigation was Conducted in Anticipation of Litigation

The prepared in anticipation of litigation doctrine is codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure. *Dunn v. State Farm,* 927 F 2d 869, 875 (5th Cir. 1991). "This doctrine protects from discovery documents and other tangible things prepared by a party <u>or representative of a party, including attorneys, consultants, agents or investigators in anticipation of litigation</u>." *Conoco v. Boh Bros. Construction, Co.*, 191 F.R.D. 107, 117-18 (W.D.La. 1998) (emphasis added). The threshold determination "is whether the documents sought to be protected were, in fact, prepared in anticipation of litigation or whether they were prepared in the ordinary course of business." *Upjohn Co. v. United States*, 101 S.Ct. 677 (1981); *Carroll v. Praxair, Inc.*, 2006 W.L. 1793656 (W.D.La. 2006). "The Fifth Circuit has indicated that a document is prepared in anticipation of litigation 'as long as the primary motivating purpose behind the creation of the document was to aid in <u>possible</u> future litigation'." *Carroll, supra,* at p. 2, citing *United States v. Davis,* 636 F. 2nd 1028, 1039-1040 (5th Cir. 1981) (emphasis added). In fact, "litigation need not necessarily be imminent, as some courts have suggested…" *United States v. Davis, supra,* at 1040. This analysis requires the court to look to various factors, including the retention of counsel, counsel's involvement in the generation of the document and whether it was a routine practice to prepare that type of document or whether the document was instead prepared in response to a particular circumstance. *Electronic Data Systems Corporation v. Steingraber,* 2003 W.L. 21653414, *5 (E.D.Tex. 2003); *Carroll, supra.*

With the above as a backdrop, consider the nature and scope of plaintiff's requests and the defendants' responses in this regard:

**PLAINTIFF'S INTERROGATORY NO. 8:**

Identify all persons who have conducted any investigation regarding Plaintiff's accident and/or claim for injuries, including their name, last known address, last known phone number and current employer, and please describe the extent and nature of participation of such person in any investigation as well as the information gained from any such person's involvement.

**ANSWER INTERROGATORY NO. 8:**

None other than the investigation by defendants' employees, which was conducted in anticipation of litigation, and the investigation by undersigned counsel, which is privileged. The results of such efforts are not discoverable.

**PLAINTIFF'S INTERROGATORY NO. 9:**

Identify all persons whom you have interviewed or to whom you have spoken concerning the accident or claim for injuries. Also, indicate the date or dates on which the interview or conversation took place, whether the interview or conversation was recorded in any fashion and provide the identity of all persons and all known contact information of any persons who were present when the interview or conversation took place.

**ANSWER INTERROGATORY NO. 9:**

Objection. See Answer to Interrogatory No. 8. Without waiving the objections and in an effort to respond, no recordings were taken.

**PLAINTIFF'S REQUEST FOR PRODUCTION NO. 1:**

Please produce any accident report, incident report, emails, correspondence, or any other documents or other tangible items created by Defendants, or anyone in association with Plaintiff's accident at issue in this litigation.

**RESPONSE TO REQUEST NO. 1:**

Objection.  Over-broad and calling for the production of evidence which is privileged, was prepared in anticipation of litigation and/or is otherwise not discoverable.  However, without waiving the objections and in an effort to respond, please see the attached HAZA Foods, LLC Incident Report Form.

With these three overreaching and utterly overbroad discovery requests, plaintiff seeks to force defendants to disclose each and every investigatory action taken by the defendants <u>and undersigned counsel</u>, along with the results of those investigations. Moreover, the Request for Production of Documents in this regard purportedly seeks to force defendants to produce <u>any "other documents or other tangible items</u>" created not only by defendants, but rather "<u>anyone in association with Plaintiff's accident at issue in this litigation.</u>"  This is a limitless request for any document having any relationship whatsoever to the accident at issue.  If such discovery were permissible, plaintiff would only need to propound these three discovery requests and defendants and their counsel would then have to turn over any information and documentation having any relationship whatsoever to plaintiff's accident and regardless of the author/creator of same, the recipient of same or the reason(s) why same was compiled or created.  The discovery rules thankfully do not allow plaintiff to do so.  For instance, the following documents are just a sample of the types of documents that would be responsive to these discovery requests as phrased:

- Undersigned counsel's notes

- Undersigned counsel's communications with defendants

- Travelers' claim notes

- Communications between Travelers and HAZA Foods regarding their impressions of plaintiff's claims, their evaluations of plaintiff's claims, the values they place on plaintiff's claim and their suggestions and recommendations to potentially resolve plaintiff's claims

Defendants have responded as best as possible to these inquiries and within the limits of permissible discovery. Defendants have produced the Incident Report prepared by representatives of HAZA Foods. Defendants have admitted that no recordings were taken in connection with any interviews and/or investigations which they conducted in regard to plaintiff's accident.

With all due respect, plaintiff misstates the defendants' responses to this discovery. Defendants have produced the only report they prepared in regard to this accident, namely the Incident Report. Defendants have no statements to produce because none were recorded, which defendants stated in their discovery responses. Even further, during the telephone Rule 37 Conference between undersigned counsel and counsel for plaintiffs, plaintiff counsel was advised that the only other writings compiled by defendants in this regard were claim file notes prepared by representatives of Travelers after HAZA Foods had placed Travelers on notice of plaintiff's claim. Claim notes are in no way an incident report, "root cause analysis" or statement that might be subject to production. Consider *Carroll v. Praxair, Inc., supra*, wherein the plaintiff sought production of the defendants' accident/incident reports; investigative reports; recorded/written statements; and notes of any interviews taken by any representative of defendant relating to the accident. The court ordered production of the incident report,

the root cause analysis report and the written statements from the defendants' employees,
but did not order the production of any notes of interviews taken by the defendants.  Also
consider *Houston Casualty Company v. Supreme Towing Co., Inc.,* 2012 W.L. 13055045
(E.D.La. 2012), wherein the plaintiff sought production of the notes from the insurance
company's adjuster that were taken approximately 3 months after the accident.  Plaintiffs
also sought documents prepared by the adjuster in the weeks and months immediately
following the accident that included "incident note forms," "incident inquiry forms" and
"loss notification and description" forms.  The court held that these forms were prepared
in anticipation of litigation and not discoverable.  The same is true in this litigation.

## Defendants Have Not Refused to Provide Responses to Legitimate Discovery Requests, Nor Have Defendants Invoked Boilerplate Objections

Defendants will address the specific contentions of plaintiff in the order in which
those contentions were posed.

Plaintiff contends that defendants are unwilling to answer Interrogatory No. 1.
Defendants have responded as best and fully as they can at this time.  Defendants have
identified the 3 employees who, to their knowledge, have information regarding
plaintiff's accident and claim.  Those 3 individuals have been deposed by plaintiff
counsel.  Defendants have identified all employees who worked on the date of plaintiff's
accident.  Defendants currently do not know if any of these other employees have
information relevant to plaintiff's accident and claim because the defendants'
investigation is ongoing.  Defendants have advised plaintiff of such.  Further, defendants
are in the process of obtaining the last known address and telephone number for any of
these individuals who are no longer employed by HAZA Foods.  This information will be
provided to counsel for plaintiff as soon as that information is obtained.  Counsel for

plaintiff was advised of same during the Rule 37 Conference and in subsequent discussions.

In Interrogatory No. 3, plaintiff requests defendants' knowledge of other incidents where others "allegedly slipped and/or fell and/or were injured in and around the bathrooms" at issue. Plaintiff's motion in this regard merely contends that defendants allegedly posed boilerplate objections. However, the motion fails to identify the full extent of the defendants' response and the discussions between counsel during the Rule 37 Conference. In fact, defendants posed certain objections and stated that they were investigating potential information responsive to this request and would supplement its response. Counsel further discussed the problems with this Interrogatory during the Rule 37 Conference. First, the phrase "in and around the bathrooms" is clearly vague and overbroad. Does this area extend to and include the hallway leading to the bathroom, the lobby, the entrance door or beyond? Where does this alleged area begin and end? Second, if someone were injured in this bathroom in an incident that does not involve a slip-and-fall, such an incident is irrelevant and not reasonably calculated to lead to the discovery of relevant evidence. What if there was an incident in the bathroom wherein a customer was burned by hot water when washing his hands or an incident wherein a paper towel dispenser fell off of the wall and injured a customer's foot? Such incidents would be responsive to plaintiff's requests, but obviously irrelevant to these proceedings. These issues were discussed during the Rule 37 Conference.

In Interrogatory No. 11, plaintiff seeks information on "any procedures maintained by [HAZA Foods] for the inspection of and/or reporting of dangerous conditions on the premises…" This Interrogatory further requests information on the

7

persons responsible for performing "any maintenance and/or shut down of the bathroom." It then goes on to request "the procedure for placement of any warning relative to the hazard that existed on the date of Plaintiff's accident… and the name of the individual(s) who determined the placement and placed the cones in the positions in which they were placed inside the men's bathroom." Notwithstanding the fact that this single Interrogatory actually poses 3 separate Interrogatories, the requests are vague, overbroad and insusceptible of any proper response for several reasons as discussed between counsel during the Rule 37 Conference. First, this request for information on "the inspection of and/or the reporting of dangerous conditions on the premises" extends to any condition anywhere on the property involving any situation – for example an overheating oven in the kitchen, a crack in the parking lot, a falling ceiling tile in the lobby, etc. This portion of the Interrogatory is clearly vague and overbroad. Second, the request for information on the persons "responsible for performing any maintenance and/or shut down of the bathroom" is similarly overbroad and vague as it is not limited in time or scope. Moreover, plaintiff fails to mention in his motion that defendants responded to Interrogatory No. 20 by stating that the persons responsible for maintaining and/or inspecting the restroom on the date of plaintiff's fall cannot be determined because any HAZA Foods employee could have done so as no specific employee is assigned to those tasks. Third, defendants in fact responded as best as possible to the request for "the procedure for placement of any warnings relative to the hazard that existed on the date of Plaintiff's accident" by attaching the relevant pages from the Wendy's Operations Standards Manual and Visual Training Aids. Defendants are still in the process of obtaining the relevant slides from the We Learn Training Course which defendants have

always been willing to produce. Lastly, plaintiff contends that he has propounded "revised Interrogatories" in this regard following the Rule 37 Conference. These are not revised Interrogatories, but rather new and additional Interrogatories, which were propounded on August 15, 2018 and a mere 8 days prior to plaintiff's filing of this Motion to Compel. Defendants' responses to these discovery requests, to the extent responses are required, are not even due until September 14, 2018 and thus after the date this motion is noticed for submission.

Plaintiff misconstrues defendants' Answer to Interrogatory No. 19 and Response to Request for Production of Documents No. 4. Plaintiff completely misstates and/or misinterprets these responses. Defendants have no written or recorded statements from anyone regarding the incident at issue. Defendants thus have not refused to produce any statements. They simply have none. Defendants nevertheless answered Interrogatory No. 19 by identifying a representative of HAZA Foods and a representative of Travelers who spoke to plaintiff over the telephone after the incident at issue. While some of the information provided by plaintiff to these representatives may be noted in a claims file note, there is no recorded statement from plaintiff or any written statement from plaintiff which he prepared. These are merely claim notes compiled by representatives of the defendants after litigation was anticipated and during their investigation. For the reasons described above, these claim notes are not discoverable. Moreover, plaintiff counsel clearly has access to any information in the possession of plaintiff himself.

In Interrogatory No. 22, plaintiff requests the "brand, type and material the compounds [sic] comprising in the flooring located in the men's bathroom at issue…" Defendants have always been willing to produce this information and their response in

fact states that they are searching for this information.  The search for this information is complicated due to the fact that HAZA Foods is a franchisee of Wendy's and recently assumed the operation of this restaurant.  Locating and obtaining historical information in this regard can be difficult, if not impossible for HAZA Foods as it had no involvement with the flooring in this regard.

**Conclusion**

In conclusion, defendants have posed valid and legitimate objections where appropriate.  Defendants have responded to other discovery requests that were properly phrased and properly limited in scope and duration.  Defendants are currently looking for additional information which they have agreed to provide, but have not been able to locate to date.   The Motion to Compel should be denied and dismissed at plaintiff's costs.

Respectfully submitted,

 */s/Dean M. Arruebarrena*
DEAN M. ARRUEBARRENA (#24283)
DONALD E. McKAY, JR. (#14207)
ZACHARY D. HOWSER (#36203)
**LEAKE & ANDERSSON, L.L.P.**
1100 Poydras Street, Suite 1700
New Orleans, Louisiana  70163
Telephone:  (504) 585-7500
Facsimile:  (504) 585-7775
E-mail: darruebarrena@leakeandersson.com
        dmckay@leakeandersson.com
        zhowser@leakeandersson.com
Counsel for Defendants,
HAZA Foods of Louisiana, LLC and
Travelers Property Casualty Company of
America

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing pleading has been delivered via electronically to all counsel of record through the CM/ECF system on September 4, 2018.


_____*/sDean M. Arruebarrena*_____

CP/43296/328